Kaleigh N. Boyd (OSB #253094)
Jason T. Dennett (*pro hac vice anticipated*)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone: (206) 682-5600
Email: kboyd@tousley.com
Email: jdennett@tousley.com

*[Additional counsel listed on signature page]*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| LILLIAN DERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL SERVICES, INC.,<br><br>Defendant. | Case No.: 6:25-cv-1857-AP<br><br>**PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL AND INCORPORATED BRIEF IN SUPPORT** |
| BOBBI RANGEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL SERVICES, INC.,<br><br>Defendant. | Case No.: 6:25-cv-01858-MC |
| LON DEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL SERVICES, INC.,<br><br>Defendant. | Case No.: 6:25-cv-01876-AA |

## I.    LR 7-1 CERTIFICATION

Defendant Cardinal Services, Inc. ("Defendant") has not yet appeared in the case and therefore has not taken a position on the consolidation and appointment of the proposed Interim Co-Lead Class Counsel.

## II.    MOTION

Pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned actions, *Lillian Derry v. Cardinal Services, Inc.*, No. 6:25-cv-1857-AP ("*Derry*"), *Bobbi Rangel v. Cardinal Services, Inc.*, No. 6:25-cv-01858-MC ("*Rangel*"), and *Lon Dean v. Cardinal Services, Inc.*, No. 6:25-cv-01876-AA ("*Dean*") (together, "Related Actions") submit this motion and incorporated brief in support, requesting an order consolidating the Related Actions and appointing Kaleigh N. Boyd of Tousley Brain Stephens PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC, and Leanna A. Loginov of Shamis & Gentile, P.A. as Interim Co-Lead Counsel (collectively, "Proposed Class Counsel") in this data breach action.

## III.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a staffing agency that facilitates employment opportunities for its clients. *Derry* Compl. ¶ 3; *Rangel* Compl. ¶ 3; *Dean* Compl. ¶ 3. Plaintiffs and the putative Class Members provided Defendant with their personally identifiable information ("Private Information"). *Derry* Compl. ¶ 21; *Rangel* Compl. ¶ 21; *Dean* Compl. ¶ 21.

Upon information and belief, in October 2025 an unauthorized third-party accessed Defendant's network, and Plaintiffs' and the putative Class Members' Private Information contained in Defendant's network was accessed by the unauthorized third-party. *Derry* Compl. ¶¶ 5, 23; *Rangel* Compl. ¶¶ 5, 23; *Dean* Compl. ¶¶ 5, 23. Defendant failed to provide Plaintiffs and

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Class Members prompt and accurate notice of the Data Breach. *Derry* Compl. ¶ 120; *Rangel* Compl. ¶ 120; *Dean* Compl. ¶ 120. The Related Actions allege that, due to Defendant's failure to safeguard this Private Information, Plaintiffs and Class Members suffered substantial harm and injury stemming from the release of their highly sensitive Private Information. *Derry* Compl. ¶¶ 43-98, 118, 151-154, 161, 178-180; *Rangel* Compl. ¶¶ 43-98, 118, 151-154, 161, 178-180; *Dean* Compl. ¶¶ 43-98, 118, 151-154, 161, 178-180. Plaintiffs assert overlapping claims for negligence, negligence *per se*, unjust enrichment, breach of implied contract, and declaratory and injunctive relief.

On October 9, 2025, Tousley Brain Stephens PLLC, Kopelowitz Ostrow P.A., and Milberg Coleman Bryson Phillipns Grossman, PLLC filed the *Derry* action in this Court. *See Derry* Dkt. 1. On October 9, 2025, Tousley Brain Stephens PLLC and Milberg Coleman Bryson Phillipns Grossman, PLLC filed the *Rangel* action in this Court. *See Rangel* Dkt. 1. On October 13, 2025, Tousley Brain Stephens PLLC and Shamis & Gentile, P.A. filed the *Dean* action in this Court. *See Dean* Dkt. 1. Plaintiffs' counsel request that the Court consolidate the Related Actions, as they involve numerous common questions of law and fact, and appoint Proposed Class Counsel as Interim Co-Lead Class Counsel to serve the best interests of Plaintiffs and the Class, which will ensure the cooperative and efficient litigation of the claims arising from the Data Breach.

## IV.     ARGUMENT

### A.     Consolidation is Appropriate Pursuant to Federal Rule of Civil Procedure 42(a).

A court may consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). A district court has broad discretion in deciding whether to consolidate actions. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In determining the propriety of consolidation, the court must weigh "the interest in judicial convenience against the potential

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

delay, confusion and prejudice caused by consolidation." *Gilberto v. Walgreen Co.*, No. 3:18-CV-01003-AC, 2019 WL 13180888, at *2 (D. Or. May 6, 2019) (internal quotation marks and citation omitted).

### 1.    The Related Actions Involve Common Issues of Law and Fact

Consolidation is warranted because the Related Actions arise out of the same underlying facts, assert similar legal claims against the same Defendant, and will promote efficiency and convenience. Consolidation does not merge the cases into one, but aids "more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id*. (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018)). It is appropriate to consolidate related cases pending in the same court "if the cases appear to involve common questions of law or fact, and consolidation may tend to reduce cost and delay." *Harry and David v. ICG Am., Inc.*, No. CV 08-3106-CL, 2010 WL 3522982, at *1 (D. Or. Sept. 7, 2010) (quoting Manual for Complex Litigation (4th ed. 2004)).

Here, consolidation of the Related Actions is proper because they indisputably share "common questions of law or fact," and consolidation will serve judicial convenience and reduce cost and delay. All three Related Actions arise from the same transaction or event: the October 2025, Data Breach where unauthorized actors accessed the highly sensitive Private Information of a yet-to-be-disclosed number of individuals on Defendant's network. *See Derry* Compl. ¶ 23; *Rangel* Compl. ¶ 23; *Dean* Compl. ¶ 23. Moreover, the Related Actions involve substantially the same or similarly situated parties, as Plaintiffs Derry, Rangel, and Dean allege they have suffered, or will suffer, injury from Defendant's failure to safeguard their Private Information, resulting in the exposure of their sensitive personal data during the Data Breach. *Derry* Compl. ¶¶ 43-98, 118, 151-154, 161, 178-180; *Rangel* Compl. ¶¶ 43-98, 118, 151-154, 161, 178-180; *Dean* Compl. ¶¶

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 4

43-98, 118, 151-154, 161, 178-180.

The Related Actions involve multiple common questions of law and fact, are all pleaded as class actions, and involve substantially identical complaints. Common questions of law and fact between the Related Actions include, but are not limited to, whether Defendant owed a duty to safeguard Plaintiffs' Private Information and, if so, the scope of that duty; whether Defendant was negligent in safeguarding Plaintiffs' Private Information; and whether Plaintiffs were injured because of the Data Breach. *See Derry* Compl. ¶ 130; *Rangel* Compl. ¶ 130; *Dean* Compl. ¶ 130. Those issues constitute questions of law and fact that weigh in favor of consolidation. *See Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (granting plaintiffs' unopposed motion for consolidation in a data breach case involving "nearly identical factual and legal allegations.").

2.     **The Related Actions Should Be Consolidated to Promote Judicial Economy and to Avoid Unnecessary Cost and Delay.**

Consolidation of the Related Actions promotes judicial and party efficiency and does not cause prejudice to Plaintiffs or Defendant. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty, involve the same Defendant, arise from the same cyberattack and resulting Data Breach, and concern the same Private Information. *See generally Derry* Compl. ¶¶ 1-7, 23-28, 137-154, 157-161; *Rangel* Compl. ¶¶ 1-7, 23-28, 137-154, 157-161; *Dean* Compl. ¶¶ 1-7, 23-28, 137-154, 157-161. Plaintiffs' counsel in each Related Action anticipates the Related Actions will involve substantially the same discovery, and that consolidation will ensure efficiency and consistency in judicial rulings while reducing delay and attendant litigation costs. The Related Actions are in the initial stages of litigation, and consolidation will reduce delay, confusion, and duplication of discovery, motion practice, and depositions. Further, consolidation will prevent inconsistent rulings in these

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

indisputably related class actions, conserve time and effort, and spare the parties unnecessary expenses from litigating two separate cases. Finally, Plaintiffs consent to and jointly move for consolidation. Accordingly, consolidation is proper pursuant to Rule 42(a).

### 3.     Future-Filed Related Cases Should Be Consolidated.

To ensure continued judicial efficiency, Plaintiffs in each of the Related Actions jointly and respectfully request that the Court order the consolidation of any future actions filed or transferred to this Court that are based on the same or similar facts and circumstances into the proposed master action: *In re: Cardinal Services, Inc. Data Breach Litigation*, No. 6:25-cv-1857-AP.

### B.     The Court Should Appoint Proposed Class Counsel

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

In appointing class counsel, the court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Each factor supports the appointment of Proposed Class

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 6

Counsel here.

1.      **Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.**

Proposed Class Counsel committed substantial, yet appropriate, resources and time to organizing and advancing this litigation. They conducted legal and factual investigations into the Data Breach, including research on potential claims and legal theories. Prior to filing the Related Actions, counsel investigated consumer experiences regarding the information exposed in the Data Breach, researched the relevant laws, coordinated and strategized with Proposed Class Counsel, and prepared detailed class action complaints. Moreover, Proposed Class Counsel continue to perform substantial work that has provided—and will continue to provide—value to the class as the case proceeds. Their ongoing efforts include, but are not limited to: (1) reviewing reports concerning the Data Breach; (2) communicating with Class Members; (3) investigating the scope and consequences of the Data Breach, as well as Defendant's public response; (4) researching potential claims and defenses arising from the Data Breach; and (5) preparing a consolidated complaint.

Proposed Class Counsel are familiar with the facts and legal issues involved in this case and will continue to pursue the claims on behalf of Plaintiffs and the Class. Proposed Class Counsel have undertaken the work necessary to prosecute this litigation and stand ready, willing, and able to continue to devote all necessary effort and resources for advancing Plaintiffs' and Class Members' claims.

2.      **Proposed Class Counsel Have Extensive Experience in Leading and Resolving Data Breach Class Actions.**

The law firms comprising Proposed Class Counsel have significant experience in litigating and successfully resolving numerous data breach cases and other complex class actions. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 7

law is of the utmost importance when determining lead counsel."); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (noting that the "most persuasive" factors in selecting lead counsel may include proposed counsel's "experience in and knowledge of, the applicable law in this field"). The experience and qualifications of Ms. Boyd, Mr. Ostrow, Mr. Nelson and Ms. Loginov, as well as their respective firms, are detailed below and in their firm resumes.

### *Kaleigh N. Boyd of Tousley Brain Stephens PLLC*

For decades, Tousley Brain Stephens, PLLC ("TBS") has been at the forefront of class action litigation, representing plaintiffs in data breach, consumer protection, financial fraud, and antitrust cases. *See* TBS Resume, attached as **Exhibit A**. Recognized for its exceptional advocacy and commitment to justice, TBS has helped secure billions of dollars in settlements and trial verdicts, delivering meaningful relief to consumers nationwide. TBS's commitment to excellence and advocacy has been recognized by the courts. The Honorable Benjamin H. Settle commended TBS's work as sole class counsel in *Ikuseghan v. Multicare Health System*, No. C14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016), for achieving "an extraordinarily good result for the class." Similarly, in *Cole v. Wells Fargo Bank, N.A.*, No. 2:07-cv-0916-RSL, ECF Nos. 33 & 34 (W.D. Wash.), where the class obtained "complete relief," the Honorable Robert S. Lasnik praised TBS, stating, "Class Counsel achieved an excellent result for the Class in a short amount of time." Tousley Brain Stephens also acted as lead counsel before the Honorable Michael H. Simon in one of the first data breach cases ever litigated, I*n re Premera Blue Cross Customer Data Security Breach Litigation*.

Leading the representation in this matter from TBS is Kaleigh N. Boyd, a seasoned litigator with extensive experience in high-stakes class action litigation. Perhaps most significantly, unlike

many class action lawyers, Ms. Boyd has class action trial experience: she recently served as trial counsel in *Larsen v. PTT, LLC*, No. 18-cv-05275-TMC (W.D. Wash.), where the jury returned a verdict for nearly $25 million on behalf of the class, including over $7 million in enhanced damages under Washington's Consumer Protection Act. *See Larsen*, ECF No. 609. Ms. Boyd conducted the cross-examinations and closing arguments in that case.

Ms. Boyd has also played a pivotal role in some of the nation's most consequential data breach cases, earning appointments to key leadership positions. Among her most significant cases, she was named to the Plaintiffs' Executive Committee in *In re T-Mobile Customer Data Security Breach Litigation*, MDL No. 3019 (W.D. Mo.), where she helped secure a $350 million settlement—one of the largest data breach recoveries in history—for consumers affected by T-Mobile's August 2021 data breach. Recognizing her leadership and expertise, the Court later also appointed Ms. Boyd to Plaintiffs' Executive Committee in *In re T-Mobile 2022 Customer Security Data Breach Litigation*, MDL No. 3073 (W.D. Mo.), where she represents 37 million T-Mobile customers impacted by T-Mobile's 2022 data breach.

Ms. Boyd also serves on the Plaintiffs' Executive Committee in *Mitra v. Sequoia Benefits & Ins. Servs.*, No. 3:22-cv-08217-WHO (N.D. Cal.), where she represents individuals affected by a security breach at a national employee benefits and human resources firm. Her expertise has also earned her a leadership role on the Plaintiffs' Executive Committee in *Smith v. Apria Health Care LLC*, No. 23-cv-01003 (S.D. Ind.), a consolidated class action involving a data breach at a healthcare supply company. Additionally, she served as Class Counsel in *Hightower v. Receivables Performance Management*, No. 2:22-cv-01683-RSM (W.D. Wash.), representing 3.7 million individuals whose Social Security numbers were exposed in yet another preventable data breach. Ms. Boyd and her firm have also been appointed to several leadership positions in data breach

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 9

cases in this Court recently, including *Dukes v. Kannact, Inc.*, Case No. 6:23-cv-1132-AA (Tousley Brain Stephens acted as Liaison Counsel); *Unsworth v. Lewis & Clark College*, Case No. 3:24-cv-00614-SB; (Ms. Boyd appointed as Settlement Class Counsel); *Ringer v. Carruth Compliance Consulting*, Case No. 2:25-cv-00119-HL (Tousley Brain Stephens appointed Interim Co-Lead Counsel).

Outside of litigation, Ms. Boyd is committed to the advancement of legal ethics and professionalism. She is an active member of the William L. Dwyer American Inn of Court, an organization dedicated to fostering professionalism and ethics in the practice of law. She serves on the Western District of Washington's Pro Bono Panel and recently earned the Pro Bono Service Award for her work on that Panel.

### Jeff Ostrow of Kopelowitz Ostrow P.A.

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 28 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to more than 30 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 500 pending data breach cases. He is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country. He is Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people, and settled for $27

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

million. Additional examples of data breach cases in which he serves as Lead Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million; *McNally, et al. v. Infosys McAmish Sys., LLC*, 1:24-cv-00995 (N.D. Ga.), which settled for $17.5 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *In re Berry, Dunn, McNeil & Parker Data Sec. Incident Litig.* (D. Me.), which settled for $7.25 million; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), which settled for $8.5 million; *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting 8.9 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million individuals.

Moreover, Mr. Ostrow has court-appointed positions in MDLs including *In In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); *In re: Consumer Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.); *In re Change Healthcare, Inc. Data Breach Litig.,* MDL No. 3108 (D. Minn.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's

largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursuing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Class Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members. A copy of Mr. Ostrow's resume, which includes additional information about Mr. Ostrow and his firm is attached hereto as ***Exhibit B***.

***John J. Nelson of Milberg, Coleman, Bryson, Phillips, Grossman, PLLC***

Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[1] Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union.

Milberg has extensive experience leading data privacy litigation on behalf of millions of consumers and has been instrumental in achieving precedent setting decisions in data breach litigation including, *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys

---

[1] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.
[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 13

defeated a standing challenge in a 10 million person data breach case); *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 24 (Milberg attorneys achieved appellate recognition of a common law duty for companies to protect confidential personal information from data breaches). Milberg is also serving as interim lead counsel or as a member of the leadership team in several high profile data breach actions, including *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Lakeview Loan Servicing Data Breach Litigation*, Case No. 1:22-cv-20955 (S.D. Fl.) (appointed to the executive committee in a 3 million person data breach); *In re Canon U.S.A. Data Breach Litigation*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y.); S*herwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (appointed co-lead counsel in a data breach class action involving 4 million consumers).

As part of Milberg's data privacy team, Mr. Nelson has recently been appointed by state and federal courts as class counsel in data breach class actions, including: *In re Community Clinic of Maui Data Breach Litigation*, No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv09203-SK (N.D. Cal.) (appointed co-lead counsel); *In Re F21 Opco, LLC Data Breach Litigation*, Case No. 2:23-CV-07390 (C.D. Cal.) (appointed co-lead counsel); *Garges v. Liberty Partners Financial*

*Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); *Michael Wilson v. Maxim Healthcare Services, Inc.*, No. 37-2022-00046497-CU-MC-CTL (Cal. Super. Ct. for San Diego Cty.) (final approval granted July 28, 2023); *Franchi, et al. v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted July 12, 2024); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024).

Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.). Mr. Nelson was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al,* a nationwide class action involving defective fuel pumps, which resulted in a 330-million-dollar nationwide settlement. Case No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022).

Further details regarding Milberg can be found in the Milberg firm C.V. attached hereto as **Exhibit C**.

***Leanna A. Loginov of Shamis & Gentile, P.A.***

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A., where she concentrates her practice in the firm's data privacy and consumer protection litigation groups. See Ms. Loginov's

firm resume attached hereto as **Exhibit D**. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating dozens of data breach class actions throughout the country. See e.g. *Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-cv-00292 (N.H. 2025) (appointed interim class counsel); *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (appointed interim co-lead class counsel); *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (appointed interim co-lead counsel); *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio); *Sankar v. California Northstate University, LLC*, Case No. 2:24-cv-00473 (E.D. Cal.); *In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litigation*, Case No. 2:24-cv-00789 (D. Ariz.); *Jimenez Jr. v. OE Federal Credit Union*, Case No. 4:24-cv-02746 (N.D. Cal.); *Springer v. Johnson and Wales University*, Case No. 1:24-cv-00399 (D.R.I).

In connection with litigating class cases in state and federal courts nationwide, Ms. Loginov has made it a point to become a permanent member of numerous bars to effectively represent those communities. Ms. Loginov is permanently admitted to practice law in the states of New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, and the Northern and Eastern Districts of Texas.

Beyond her personal expertise, Ms. Loginov brings the extensive experience of her firm, Shamis & Gentile. Shamis & Gentile is a well-established and successful law firm that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. Shamis & Gentile has filed and successfully litigated thousands of banking, insurance, data privacy, deceptive and unfair trade

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

practice and product liability class action cases, often through contested class certification and even until trial. As a result, Shamis & Gentile has successfully recovered over 1 billion dollars for consumers nationwide. The firm's resources are not merely financial but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class(s).

Shamis & Gentile understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Ms. Loginov has already demonstrated her commitment to this litigation by devoting substantial resources to prosecuting this action. Ms. Loginov has worked on numerous actions with counsel involved in the proposed consolidated action and is certain she will continue to successfully work with them on this case.

**3.    Proposed Class Counsel Are Familiar with the Applicable Law.**

Proposed Class Counsel possess extensive knowledge of the applicable facts and law concerning data breach class actions, including the facts of this case. They bring a depth of experience litigating data breach cases, including conducting discovery of information security officers as well as both technical and damages witnesses and experts. Further, Proposed Class Counsel are proficient and skillful in researching and briefing essentially every aspect of data breach class action cases. Their litigation history and experience in this case and in similar cases, allow them to efficiently handle pivotal litigation issues, including class member identification and damages.

**4.    Proposed Class Counsel Are Committed to Representing and Advancing the Interests of Class Members.**

Proposed Class Counsel are fully prepared to expend the resources necessary to ensure the vigorous prosecution of Plaintiffs' and Class Members' claims. Their resumes reflect a strong

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

record of success in leading and funding data breach class actions, and their respective firms have a proven track record of litigating complex class action cases, including data privacy matters. See **Exs. A–D**. The same level of diligence and commitment will be applied here. Proposed Class Counsel understand and possess the time, energy, and skill necessary for this litigation and have committed the resources to ensure the efficient representation of Class Members. To be sure, Proposed Class Counsel have already demonstrated their commitment to this case by devoting appropriate but substantial resources to this Data Breach class action. Hence, Plaintiffs' counsel move for appointment as Proposed Class Counsel.

## V.     CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order consolidating the Related Actions and appointing Kaleigh N. Boyd of Tousley Brain Stephens PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., John J. Nelson of Milberg Coleman Bryson Phillips Grossman PLLC, and Leanna A. Loginov of Shamis & Gentile, P.A. as Interim Co-Lead Class Counsel.

## VI.     CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 5,035 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: October 17, 2025                    Respectfully submitted,

                                           */s/Kaleigh N. Boyd*
                                           Kaleigh N. Boyd (OSB #253094)
                                           Jason T. Dennett*
                                           **TOUSLEY BRAIN STEPHENS PLLC**
                                           1200 Fifth Avenue, Suite 1700

PLAINTIFFS' MOTION FOR
CONSOLIDATION - 18

Seattle, WA 98101
Telephone: (206) 682-5600
Email: kboyd@tousley.com
Email: jdennett@tousley.com

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Telephone: (954) 525-4100
Email: ostrow@kolawyers.com

John J. Nelson*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

Leanna A. Loginov*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Telephone: (305) 479-2299
Email: lloginov@shamisgentile.com

*Attorneys for Plaintiffs and the Proposed Class*

*pro hac vice forthcoming